**Motion Denied and Order filed October 6, 2015**



In The

# Fourteenth Court of Appeals

_____

NO. 14-15-00740-CR
_____

## EX PARTE RUSSELL LEVI POPE, Appellant

**On Appeal from the County Criminal Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 2027731**

## ORDER

Appellant, Russell Levi Pope, filed a motion to supplement the clerk's record and asks the court to order the clerk's record in this appeal to be supplemented with the clerk's record in an unrelated appeal pending in another court. We deny the motion.

### Background

On February 3, 2015, Pope was convicted on his pleas of guilty to two counts in the trial court: (1) driving while intoxicated in cause number 1967710, and (2) unlawful possession of a weapon in cause number 1967711. He appealed the DWI conviction the same day. That appeal was assigned to the First Court of

Appeals and numbered 01-15-00176-CR (the DWI Appeal). He did not appeal the conviction in 1967711.

On May 22, 2015, Pope filed an application for a writ of habeas corpus in the trial court. The habeas proceeding was cause number 2027731. The application alleged he was improperly denied the right to appeal the conviction in 1967711. The trial court denied the application on August 11, 2015. Pope appealed the denial, which is the present appeal: 14-15-00740-CR (the Habeas Appeal).

Pope now asks us to order that the clerk's record in this Habeas Appeal be supplemented with the clerk's record in the DWI Appeal.

## Analysis

The record on appeal consists of the clerk's record and, if necessary to the appeal, the reporter's record. Tex. R. App. P. 34.1. The required contents of a clerk's record are listed in Texas Rule of Appellate Procedure 34.5(a). All the items listed are documents that were filed in the trial court cause underlying the appeal. Tex. R. App. P. 34.5(a). No provision is made for including documents in the clerk's record that were not filed in the trial court cause.

The clerk's record may be supplemented if "a relevant item has been omitted from the clerk's record." Tex. R. App. P. 34.5(c). With its use of the word "omitted," rule 34.5(c) presupposes the item sought to be added to the clerk's record could have been included in the clerk's record originally. Items that were not filed in the trial court cause could not have been included in the clerk's record originally.

The only items permitted in the clerk's record in this Habeas Appeal are those filed in cause number 2027731, the underlying habeas proceeding. Particular documents included in the DWI Appeal clerk's record might also have been filed

in the habeas proceeding. However, there is no indication the DWI Appeal clerk's record as a whole was filed in the habeas proceeding. Accordingly, the clerk's record in this appeal may not be supplemented with the clerk's record in the DWI Appeal. Pope's motion to supplement the clerk's record is DENIED.

PER CURIAM